UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

      - against -

KAMEL LAMBUS,

              Defendant.

ORDER ON MOTION TO COMPEL

CR 2015-382 (JBW)(MDG)

- - - - - - - - - - - - - - - - - - X

    By letter motion filed on June 10, 2016, defendant Kamel Lambus seeks to compel compliance with a subpoena for his state parole files served on the New York State Department of Corrections & Community Supervision ("DOCCS"). See DE 204. While many of the documents in Lambus' parole file were produced, others were withheld or produced in redacted form. Lambus seeks these documents in connection with his motion to suppress wiretap evidence on the grounds that state parole authorities subjected him to GPS location monitoring at the behest of federal agents for the purpose of their investigation resulting in the instant prosecution. In response, the government filed a motion to quash the subpoena. See DE 208. The Honorable Jack B. Weinstein referred the motions to me for a hearing. See DE 214.

    At a conference held on July 13, 2016, I directed the government to produce the withheld and redacted documents for in camera review. See minute entry dated 7/13/16. Both before and after this conference, the government produced to defendant certain of the documents that it had initially withheld, DE 212, 241, as well as an index, DE 233. Following review in camera of

withheld and redacted documents, as well as documents disclosed by the government, this Court held a hearing on July 29, 2016.[1] In the course of discussion of both governing legal principles and specific documents, this Court noted that none of the documents involved any information that reflected any involvement by the Government in the decision by the DOCCS to place Mr. Lambus on GPS monitoring.  See Transcript of 7/29/2016 Hearing ("Tr.") at 31.  In response to this Court's comments at the hearing that a number of documents withheld or redacted were similar in nature to other documents that had been disclosed, Assistant U.S. Attorney Michael Robotti said that the documents at issue were created by prospective witnesses and thus are not discoverable at the time.  Id. at 24-25.  However, he said the Government would undertake a further review of the documents to see whether any document should continue to be withheld.  Id.  The Government later released 13 additional documents.  DE 247.

This Court made preliminary rulings on the record as to specific documents, and, stated that although I was "not inclined" to change the rulings as to protected documents, I would give the defendant an opportunity to present further argument.  Tr. at 32-33 and passim.  Mr. Lambus filed a further submission arguing for disclosure of redacted or withheld documents and essentially reiterated arguments made in earlier

---

[1] Counsel for defendant Stanley Fuller also participated in the hearing.

filings and at the hearing.  See DE 251.  This order[2] addresses the remaining documents in dispute.

DISCUSSION

The proponent of a subpoena has the burden of establishing that the documents sought are relevant, admissible and that the subpoena has identified the documents with specificity.  See U.S. v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013); see also U.S. v. Nixon, 418 U.S. 683, 700 (1974).  Generally, internal law enforcement investigative files are inadmissible hearsay, which are not subject to a subpoena.  See U.S. v. Ceballo, 2003 WL 21961123, at *2 (S.D.N.Y. 2003); U.S. v. Jenkins, 2003 WL 1461477, at *5 (S.D.N.Y. 2003).

Under Rule 17 of the Federal Rules of Criminal Procedure, a defendant may not seek material that is prohibited from disclosure under Rule 16.  See U.S. v. Boyle, 2009 WL 484436, at *2 (S.D.N.Y. 2009); U.S. v. Hatfield, 2009 WL 2030350, at *2 (E.D.N.Y. 2009).  Rule 16(a)(2) protects from disclosure emails, notes, reports and memoranda made by government agents during the course of an investigation or prosecution.  See U.S. v. Allen, 2016 WL 315928, at *3 (S.D.N.Y. 2016); Mendinueta-Ibarro, 956 F. Supp. 2d at 514; Fed. R. Crim. P. 16(a)(2).  Courts have recognized that this provision applies beyond federal agents to

---

[2] Judge Weinstein's refferal order states that the defendant's motion to compel is refferred "for hearing and report."  See DE 214.  However, the instant motion is a pretrial matter within my authority to hear and determine.  See 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(a).  Objections to this order are governed by Rule 59(a).

-3-

reports of local law enforcement, even where local or state agents generated their reports independently from any federal investigation. See U.S. v. Barrera, 950 F. Supp. 2d 461, 474-75 (E.D.N.Y. 2013); Ceballo, 2003 WL 21961123, at *2-*3; Jenkins, 2003 WL 1461477, at *5; U.S. v. Cherry, 876 F. Supp. 547, 551 (S.D.N.Y. 1995).

In addition, section 3500 bars disclosure of any witness statements before trial. See Mendinueta-Ibarro, 956 F. Supp. 2d at 514. Rule 17(h) likewise prohibits a party from issuing a subpoena for "a statement of a witness or of a prospective witness." Fed. R. Crim. P. 17(h).

The government argues that most of the documents sought are protected from disclosure by Rule 16(a)(2) and/or are statements of potential witnesses protected by 18 U.S.C. § 3500(a). After reviewing the parties' submissions, the Court adheres to the rulings made at the July 29, 2016 hearing. As Mr. Robotti advised, DOCCS has a criminal investigation unit that at some point was involved with the federal government in investigating criminal activity conducted by Mr. Lambus. Tr. at 15, 22. As discussed, Rule 16(a)(2) applies even to the extent state parole investigators generated their reports independently from any federal investigation.

The defendant made certain additional arguments in his post-hearing submissions that were not raised at the hearing. Defendant contends that certain documents related to GPS data should be produced as Brady material. The government

acknowledges its <u>Brady</u> obligations and affirms that it will disclose any <u>Brady</u> material pursuant to those obligations. That is sufficient. <u>See</u> <u>U.S. v. Feldman</u>, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990). Defendant seeks any additional checks from his former employer, C&A Wood, to the extent they are contained in his DOCCS file. The government has requested that DOCCS confirm whether any additional checks exist and does not oppose their production. Finally, the defendant seeks other emails from DOCCS related to the defendant. The government has confirmed that all relevant emails from defendant's parole and investigative files have been produced. Any other emails would be beyond the scope of the subpoena and would likely be protected by Rule 16(a)(2) and section 3500.

Accordingly, for the reasons set forth on the record at the hearing, defendant Lambus' motion to compel is denied and the government's motion to quash is granted. Attached is a chart summarizing the rulings made as to each redacted or withheld document still in dispute. Although the Court may have relied at the hearing on only one ground for sustaining the government's withholding of certain documents, in the annexed chart I supplement those rulings by adding additional grounds.

**SO ORDERED.**

Dated: Brooklyn, New York
August 26, 2016

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE