
**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 23 2019 ★

BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>KAMEL LAMBUS,<br><br>Defendant. | **Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2)**<br><br>15-CR-00382 |

**Parties:**

For United States

For Defendant

**Appearances:**

Erin Reid
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Ronald Rubinstein
260 Madison Avenue, 22nd Floor
New York, NY 10016

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

| | | |
|---|---|---:|
| I. | Introduction | 1 |
| II. | Instant Offenses | 1 |
| III. | Guilty Plea | 2 |
| IV. | Sentencing Hearing | 3 |
| V. | Offense Level, Criminal History Category, Guidelines Range, and Statutory Minimum | 3 |
| VI. | Law | 4 |
| VII. | 18 U.S.C. § 3553(a) Considerations | 4 |
| VIII. | Sentence | 6 |
| IX. | Conclusion | 6 |

### I. Introduction

Defendant Kamel Lambus ("Lambus" or "Defendant"), has been involved in drug sales since he was a teenager. Following his release from state custody for such an offense and while under supervision by the state, he, with others, participated in a drug trafficking organization that distributed heroin in Queens, New York. Defendant was a leader of the organization. He pled guilty to two counts: (1) conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin—which carries a mandatory minimum 10-year term of incarceration, and (2) possession with intent to distribute heroin. Defendant is sentenced to 10 years' incarceration on Count One and one year incarceration on Count Two, to be served consecutively. A five-year term of supervised release and a three-year term of supervised release, served concurrently, are also imposed.

### II. Instant Offenses

Defendant is one of 12 individuals charged with various crimes for their involvement in a criminal drug scheme. *United States v. Lambus*, 897 F.3d 368, 373 (2d Cir. 2018). In 2012,

Defendant was released from state custody after serving a sentence of incarceration for attempted criminal sale of heroin. Presentence Investigation Report ("PSR") ¶ 89; *Lambus*, 897 F.3d at 374–82. While subject to post-release supervision, Defendant assumed his role in the leadership of a drug trafficking organization, the Paper Chasing Goons, operating in the South Jamaica section of Queens, New York. PSR ¶¶ 5, 11. He and one of his co-defendants controlled the organization's distribution of heroin through a network of drug traffickers utilizing multiple stash houses, as well as the organization's distribution of firearms. PSR ¶¶ 5–6. Defendant received reports on the status of heroin distribution and arranged deliveries of heroin to stash houses. PSR ¶¶ 7, 11. He also counseled traffickers about how best to move product, including pricing. *See* PSR ¶ 22. Defendant himself sold narcotics, and directed individuals to his residence for sales. PSR ¶¶ 6, 11, 21. Recovered from his residence were indicia of drug dealing: 44 glassines of heroin, rubber bands, a money counter, and more than $16,000. Letter from E. Reid 9, May 29, 2019, ECF No. 613.

Although he apparently never successfully obtained a firearm himself, he sought one, PSR ¶ 32, and a search of one of the organizations' stash houses resulted in recovery of a firearm, PSR ¶ 13.

### III. Guilty Plea

Defendant pled guilty to two counts on January 29, 2019. PSR ¶ 1. Count One charges that he conspired with others to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(i). PSR ¶ 2. Count Two charges that he, together with others, possessed with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). PSR ¶ 3.

## IV. Sentencing Hearing

A sentencing hearing was conducted on June 4, 2019. *See* Sent. Hr'g Tr., Jun. 4, 2019. Defendant noted his lack of satisfaction with aspects of the Presentence Investigation Report, but decided to proceed with sentencing. *Id.* at 9:19–20. In addition to his brother and fiancée, various family members and a friend were present at the hearing. *Id.* at 26:22–27:9.

The proceedings were visually recorded to document the atmosphere in the courtroom and hearing participants' body language. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A[n appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing.").

## V. Offense Level, Criminal History Category, Guidelines Range, and Statutory Minimum

Count One and Count Two are grouped for purposes of calculating the offense level. U.S.S.G. § 3D1.2(d). The base offense level is 30, since the offenses involve at least one kilogram of heroin but less than three kilograms. *Id.* §§ 2D1.1(a)(5), 2D1.1(c)(5). Defendant noted his possible objections to the applicability of various sentencing enhancements, but explicitly waived those objections. Two points are added because a firearm was recovered from one of the organization's stash houses. *Id.* § 2D1.1(b)(1). Two points are added because Defendant used and maintained a stash house to distribute heroin. *Id.* § 2D1.1(b)(12). Four points are added because Defendant was an organizer or leader of the criminal activity and the activity involved five or more participants. *Id.* § 3B1.1(a). The combined adjusted offense level is 38. PSR ¶ 77. Three points are deducted for acceptance of responsibility and timely notification of Defendant's intent to enter a guilty plea. *See* U.S.S.G. § 3E1.1(a); *id.* § 3E1.1(b). The total offense level is 35. PSR ¶ 81.

Defendant's criminal convictions date back nearly two decades. *See* PSR ¶¶ 83–89. His total criminal history score is 11, giving him a criminal history category of V. PSR ¶ 92.

Count One carries a statutory minimum incarceration sentence of ten years. 21 U.S.C. § 841(b)(1)(A). Count Two has no statutory minimum incarceratory sentence. *Id.* § 841(b)(1)(C). The guideline imprisonment range is 262 to 327 months. PSR ¶ 122.

## VI. Law

The United States Sentencing Guidelines (the "Guidelines") are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). While a sentencing court must consider the Guidelines range, it may "tailor the sentence in light of other statutory concerns." *Id.*; *see* 18 U.S.C. § 3553(a). "A district court may not presume that a guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and the defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Using judicial discretion, the court will "make an individualized assessment based on the facts presented," *Gall v. United States*, 552 U.S. 38, 50 (2007), and "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Defendant was born in 1983 in Queens, New York. PSR ¶ 97. He described an unremarkable childhood, growing up with his parents and siblings in upstate New York, Queens, and Brooklyn. Sent. Mem. on Behalf Def. Kamel Lambus 4, May 9, 2019, ECF No. 608 ("Def. Sent. Mem."); PSR ¶¶ 101, 105. His family environment was strict and disciplined. Def. Sent. Mem. at 4. Although his relationship with his father has improved, it was severely strained for much of his life. *Id.*

In 2001, Lambus's parents and siblings moved to Georgia, leaving him behind in New York to fend for himself. *Id.* at 5. He was without a job and unprepared for financial

independence. *Id.* at 6. He was using ecstasy, marijuana, and alcohol. *Id.* Defendant has been in and out of jail since 2002 as a result of seven criminal convictions in New York State. *See* PSR ¶¶ 83–89. They include possession of a forged instrument, attempted sale of a controlled substance, attempted criminal possession of a controlled substance, criminal possession of a controlled substance, and attempted criminal possession of a handgun. *Id.* While incarcerated, Defendant incurred a number of serious infractions. *See* PSR ¶¶ 87–89. While out of jail during this time period, he was employed as a home flipper and as a laborer. PSR ¶¶ 116–17. He supported himself during periods of unemployment by selling narcotics. PSR ¶ 117.

Defendant's parents are aware of his current convictions and are supportive. PSR ¶ 97. His five siblings are also supportive. PSR ¶ 99. Defendant has one child—a six-year-old daughter—with his former partner. PSR ¶ 102. Although they are no longer together, the former partner has stated that they share a very good relationship and described Defendant as wanting to be a good father. PSR ¶ 103. Prior to his incarceration for the instant offenses, Lambus was a full-time parent to his daughter, while her mother worked full-time outside the home. Def. Sent. Mem. at 25–26. Later, he paid for his daughter to attend daycare. *Id.* at 26. He also voluntarily provided child support to his daughter. PSR ¶ 102. During the hearing, he spoke of how much he missed his daughter and how selfish he had been for remaining "in the life" while trying to care for her. *See* Sent. Hr'g Tr. at 19:17–20:13. He sees his daughter monthly and wants to be a good parent. *Id.* at 16:16–25, 19:17–20:13.

Defendant reports that he is in good physical and mental health. PSR ¶¶ 108–09. He has a history of marijuana and alcohol use, but reports that he has not abused either substance. PSR ¶ 110.

## VIII. Sentence

The court has considered, among other things, the nature and circumstances of the offenses and general and specific deterrence. Defendant is sentenced to 10 years' incarceration on Count One and one year incarceration on Count Two, to be served consecutively. A five-year term of supervised release on Count One and a three-year term of supervised release on Count Two, served concurrently and subject to the conditions approved by the parties orally during the hearing, are also imposed.

Defendant lost his way after a solid upbringing. He has a long criminal record. As he ages and matures, it is likely that his appetite for commission of crime will diminish. He will be 42 years old when he is released from prison, after which this court believes he can make an adjustment to lawful life and be a role model for his daughter. Placement in a penitentiary in New York City where his daughter can visit him is recommended.

No fines are imposed because Defendant has insufficient funds. There is a special assessment of $100 for each of the two counts. A restitution order will be entered separately.

## IX. Conclusion

All relevant issues have been considered, with respectful consideration given to the considerations listed under 18 U.S.C. § 3553(a) to ensure a "sufficient, but not greater than necessary" sentence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 20, 2019
Brooklyn, New York